UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:17-CV-958 Judge Aleta A. Trauger |
| CORECIVIC OF TENNESSEE, LLC f/k/a CORRECTIONS CORPORATION OF AMERICA, | ) ) ) ) | Magistrate Judge Alistair E. Newbern Jury Demand |
| Defendant. | ) ) | |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant CoreCivic of Tennessee, LLC ("CoreCivic") answers the allegations of the Complaint filed by Plaintiff John Doe ("Doe") in this action as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Answer to Complaint, Docket Entry 1)

As to each allegation in the Complaint, CoreCivic responds as follows:

1. CoreCivic admits that CoreCivic, Inc. previously was known as Corrections Corporation of America, that CoreCivic, Inc. operates the Metro-Davidson County Detention Facility ("Detention Facility"), that the Detention Facility is located in Davidson County, Tennessee, and that the inmates who are incarcerated at the Detention Facility receive medical

treatment. CoreCivic denies the remaining allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

2. CoreCivic denies the allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Paragraph 3 of the Complaint contains allegations regarding medical conditions or opinions which require no response. Nevertheless, and to the extent a response is required, CoreCivic denies the allegations in paragraph 3 of the Complaint and all allegations of wrongdoing.

4. CoreCivic admits that it operates the Detention Facility and that inmates are incarcerated in the Detention Facility. CoreCivic denies the remaining allegations in paragraph 4 of the Complaint and all allegations of wrongdoing.

5. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint regarding the residency and incarceration history of an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. CoreCivic admits that it is a limited liability company, that it is organized under the laws of the State of Tennessee, that its principal place of business is located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215, that its registered agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929, that it operates the Detention Facility, and that it houses prisoners of the State of Tennessee. The allegation in paragraph 6 of the Complaint that CoreCivic performs a public function that traditionally is reserved to the state is a legal conclusion to which no response is required. CoreCivic denies the remaining allegations in paragraph 6 of the Complaint.

7. CoreCivic denies the allegations in paragraph 7 of the Complaint and all allegations of wrongdoing.

8. CoreCivic admits that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 confer federal-question jurisdiction upon this Court.

9. CoreCivic admits that this Court has supplemental jurisdiction over Doe's state law claims pursuant to 28 U.S.C. § 1367.

10. CoreCivic admits that 28 U.S.C. § 1391 renders venue proper in this Court.

11. CoreCivic denies the allegations in paragraph 11 of the Complaint and all allegations of wrongdoing.

12. CoreCivic admits that CoreCivic, Inc. operates the Detention Facility, that the Detention Facility is located at 5115 Harding Place, Nashville, Tennessee 37211, and that the Detention Facility has an inmate capacity of 1,348. CoreCivic denies the remaining allegations in paragraph 12 of the Complaint and all allegations of wrongdoing.

13. Paragraph 13 of the Complaint contains allegations regarding medical conditions or opinions which require no response. Nevertheless, and to the extent a response is required, CoreCivic denies the allegations in paragraph 13 of the Complaint and all allegations of wrongdoing.

14. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14 of the Complaint regarding the criminal history, incarceration history, housing assignment, or work assignment of an unidentified inmate.

15. CoreCivic admits that it houses pretrial detainees and convicted inmates and that there is no distinction in the conditions of their confinement.

16. CoreCivic admits that formerly homeless individuals have been incarcerated at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 16 of the Complaint and all allegations of wrongdoing.

17-20. CoreCivic denies the allegations in paragraphs 17 through 20 of the Complaint and all allegations of wrongdoing.

21. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint regarding the eating and resting preferences of an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 21 of the Complaint and all allegations of wrongdoing.

22. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 22 of the Complaint regarding the medical condition and medical treatment of an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 22 of the Complaint and all allegations of wrongdoing.

23. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 23 of the Complaint regarding a sick call request that allegedly was submitted by an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 23 of the Complaint and all allegations of wrongdoing.

24. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 24 of the Complaint regarding an internet search performed by an unidentified inmate for an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 24 of the Complaint and all allegations of wrongdoing.

25. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 25 of the Complaint regarding the work assignment of an unidentified inmate.

26. CoreCivic denies the allegations in paragraph 26 of the Complaint and all allegations of wrongdoing.

27. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint regarding the concerns of an unidentified inmate or regarding a sick call request that allegedly was submitted by an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 27 of the Complaint and all allegations of wrongdoing.

28-31. CoreCivic denies the allegations in paragraphs 28 through 31 of the Complaint and all allegations of wrongdoing.

32. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 32 of the Complaint regarding statements made by an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 32 of the Complaint and all allegations of wrongdoing.

33. CoreCivic denies the allegations in paragraph 33 of the Complaint and all allegations of wrongdoing.

34. CoreCivic admits that the water at the Detention Facility was tested in January 2017. CoreCivic denies the remaining allegations in paragraph 34 of the Complaint and all allegations of wrongdoing.

35. CoreCivic denies the allegations in paragraph 35 of the Complaint and all allegations of wrongdoing.

36. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 36 of the Complaint regarding the work assignment of an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 36 of the Complaint and all allegations of wrongdoing.

37. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint regarding a conversation between the wife of an unidentified inmate and the Metropolitan Public Health Department or regarding a conversation between unidentified inmates and the American Civil Liberties Union. CoreCivic denies the remaining allegations in paragraph 37 of the Complaint and all allegations of wrongdoing.

38-39. CoreCivic denies the allegations in paragraphs 38 through 39 of the Complaint and all allegations of wrongdoing.

40. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 40 of the Complaint regarding sick call requests that allegedly were submitted by an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 40 of the Complaint and all allegations of wrongdoing.

41-48. CoreCivic denies the allegations in paragraphs 41 through 48 of the Complaint and all allegations of wrongdoing.

49-50. The allegations in paragraphs 49 through 50 of the Complaint are legal conclusions to which no response is required.

51-65. CoreCivic denies the allegations in paragraphs 51 through 65 of the Complaint and all allegations of wrongdoing.

66. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 66 of the Complaint regarding the incarceration of an unidentified

inmate. The remaining allegations in paragraph 66 of the Complaint are legal conclusions to which no response is required.

67. The allegations in paragraph 67 of the Complaint are legal conclusions to which no response is required.

68. CoreCivic admits that it had responsibility for the movement and placement of inmates incarcerated at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69-89. CoreCivic denies the allegations in paragraphs 69 through 89 of the Complaint and all allegations of wrongdoing.

90-92. CoreCivic denies that Doe is entitled to the damages and relief that he seeks in paragraphs 90 through 92 of the Complaint and all allegations of wrongdoing.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Doe failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### FOURTH DEFENSE

All or part of Doe's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

### FIFTH DEFENSE

Doe's claims against CoreCivic brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Doe cannot hold CoreCivic liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

## SIXTH DEFENSE

Doe's claims against CoreCivic brought pursuant to Section 1983 cannot stand because Doe did not suffer a physical injury that is more than *de minimis*.

## SEVENTH DEFENSE

Doe's claims sound in medical malpractice, and Doe failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

## EIGHTH DEFENSE

Any procedural due process claim that Doe is attempting to assert cannot stand because Doe cannot establish the elements of a procedural due process claim, including that he had a life, liberty, or property interest protected by the Due Process Clause, that CoreCivic deprived him of any protected interest, and that CoreCivic did not afford him adequate procedural rights prior to depriving him of the property interest.

## NINTH DEFENSE

Any substantive due process claim that Doe is attempting to assert cannot stand because he cannot establish the elements of a substantive due process claim, including that he has a protected property interest, that CoreCivic denied him of an immunity, right, or privilege secured by the United States Constitution or a federal statute, or that CoreCivic's conduct shocks the conscience.

## TENTH DEFENSE

Any substantive due process claim that Doe is attempting to assert cannot stand because when a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of alleged conduct, that constitutional amendment and not the more generalized notion of substantive due process governs.

## ELEVENTH DEFENSE

The request for injunctive relief is moot because Doe is not incarcerated at the Detention Facility.

## TWELFTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition is overbroad.

## THIRTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition contains no temporal restriction.

## FOURTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the individual issues of law and fact affecting Doe lack commonality to the questions of law and fact affecting all putative class members.

## FIFTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because his claims are not typical of the claims of the members of the putative class.

## SIXTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because Doe will not fairly or adequately protect the interest of putative class members.

## SEVENTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because: (1) there is no risk of inconsistent or varying adjudications with respect to individual putative class members that would establish incompatible standards of conduct by CoreCivic; and (2) adjudications with respect to Doe or as to any individual member of the putative class would not be dispositive of the interests of the other members of the putative class and would not substantially impair of impede the ability of the other members of the putative class to protect their individual interests.

## EIGHTEENTH DEFENSE

Doe is barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because CoreCivic neither has acted nor refused to act on grounds that apply generally to the class, and, thus, the requested injunctive relief is inappropriate with respect to the class as a whole.

## NINETEENTH DEFENSE

CoreCivic's liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

## TWENTIETH DEFENSE

Doe cannot proceed in this lawsuit using a pseudonym pursuant to Federal Rule of Civil Procedure 10(a)."

CoreCivic demands a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Jason W. Callen (#26225)
Paige Ayres Nutini (#34133)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700
(615) 651-6701

*Counsel for Defendant CoreCivic, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this July 17, 2017, on the following:

W. Gary Blackburn
Bryant Kroll
The Blackburn Firm, PLLC
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

Jeffery S. Roberts
Jeff Rogers & Associates, PLLC
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

R. Joshua McKee
The McKee Law Firm
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

/s/ Erin Palmer Polly

37247871v1